UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROL LEES,<br><br>      **Plaintiff,**<br><br>-against-<br><br>THE GRADUATE CENTER,<br>CITY UNIVERSITY OF NEW YORK<br><br>      **Defendant.** | No.<br><br>**COMPLAINT**<br><br>**Plaintiff demands a trial by Jury.** |

Plaintiff CAROL LEES ("Ms. Lees" or "Plaintiff"), by and through her attorneys, Levine & Blit, PLLC, complaining of Defendant THE GRADUATE CENTER, CITY UNIVERSITY OF NEW YORK (the "Graduate Center" or "Defendant"), hereby alleges:

**PRELIMINARY STATEMENT**

1. This civil action is brought to remedy Defendant's retaliation in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* ("Title IX"); retaliation in violation of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.* ("FMLA"); discrimination based upon disability in violation of the New York State Human Rights Law, codified as New York Executive Law § 290 *et seq.* ("NYSHRL"), and the New York City Human Rights Law, codified as the Administrative Code of the City of New York § 8-101 *et seq.* ("NYCHRL"); and discrimination based upon alienage or citizenship status in violation of the NYCHRL; and retaliation in violation of the NYSHRL and NYCHRL.

1

2. Plaintiff seeks declaratory and injunctive relief; an award of monetary damages for the economic losses caused by Defendant's unlawful conduct, including back pay and front pay; an award of compensatory damages, including emotional distress damages for the severe mental anguish and harm to reputation caused by Defendant's unlawful conduct; liquidated damages pursuant to the FMLA; an award of punitive damages; Plaintiff's reasonable attorneys' fees; costs of this action; and any such other and further relief that this Court deems just and equitable.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Southern District of New York.

## THE PARTIES

5. Plaintiff, Ms. Lees, is a female Canadian citizen.

6. Defendant, the Graduate Center, City University of New York, is a graduate school based in New York, New York, and is located at 365 Fifth Avenue, New York, New York 10016.

7. At all times relevant to this action, Claire Bishop ("Ms. Bishop") served as the Executive Officer of Defendant's Art History Program beginning in or around 2013, and as such maintained a supervisory position over Plaintiff and had authority to undertake or recommend tangible employment decisions and/or control the terms and conditions of Ms. Lees's employment.

8. At all times relevant to this action, Ms. Lees was qualified to hold her position of employment with Defendant through her skills, training, knowledge, experience, and/or education.

9. At all times relevant to this action, Defendant was an entity that receives "federal financial assistance" and that operates "an education program or activity," and is a "recipient" within the meaning of Title IX.

10. At all times relevant to this action, Defendant maintained an employment relationship with fifty (50) or more individuals, and is an "employer" within the meaning of applicable federal, state, and local statutes.

11. At all times relevant to this action, Plaintiff was an "employee" of Defendant within the meaning of applicable federal, state, and local statutes.

12. At all times relevant to this action, Plaintiff was a "qualified individual with a disability" within the meaning of applicable federal, state, and local statutes.

## FACTUAL ALLEGATIONS

13. Ms. Lees was a competent and dutiful employee of the Graduate Center from 1994 until her termination in October 2014; most recently holding the position of Director of the Visual Media Lab for the Art History Program.

14. Throughout this time, Ms. Lees, a Canadian citizen, worked under an H-1B Visa sponsored by the Graduate Center.

15. In or around 2013, Ms. Bishop became Ms. Lees's supervisor, holding the position of Executive Officer of the Art History Program.

16. Upon assuming control of the program, Ms. Bishop began making her discriminatory beliefs about females in higher education abundantly clear through her conduct and comments.

17. Among other things, Ms. Bishop stated on many occasions, "Why bother with a student who is married?" and "Women are made weak by marriage."

18. Further, in practice, Ms. Bishop discriminatorily favored male graduate students over female graduate students by providing special arrangements for male students, such as providing more financial aid or assistance, excusing male students from testing requirements, excusing male students from certain fellowship-related duties, and providing fellowships to males over more qualified female candidates.

19. When Ms. Lees complained about this disparate treatment to Ms. Bishop, Ms. Bishop responded by dismissing these concerns, increasing her hostility toward Ms. Lees, and providing negative evaluations against Ms. Lees.

20. Of even greater concern, when Ms. Lees brought this issue to the attention of the Graduate Center's Officer of Human Resources and Acting Provost, Louise Lennihan, through a written complaint in or about July 2014, no action was taken.

21. On October 10, 2014, within months of Ms. Lees's written complaint of discrimination based upon sex, Ms. Lees was terminated.

22. Prior to her termination, in October 2013, Ms. Lees became gravely ill, which caused her take leave pursuant to her rights under the FMLA.

23. Ms. Lees' FMLA leave commenced November 8, 2013 and was to end on January 31, 2014.

24. While Ms. Lees was recovering from multiple surgeries during her leave, Ms. Bishop continually harassed her by email, despite the fact that Ms. Lees had made the Graduate Center aware of her dire condition.

25. Among other things, Ms. Bishop claimed that she needed to immediately conduct a performance evaluation of Ms. Lees and address her visa status.

26. Fearful that she may lose her job and visa if she did not return on the date ordered by Ms. Bishop, Ms. Lees returned to work on January 25, 2014, prior to the expiration of her FMLA leave time and against her doctor's advice.

27. Immediately upon Ms. Lees's early return to work, Ms. Bishop then evidenced her discriminatory sentiments by issuing a negative performance review, the first of Ms. Lees's career, which was inaccurate and false.

28. Ms. Bishop's animosity toward Ms. Lees continued, even after Ms. Lees submitted the written complaint to the Office of Human Resources and Ms. Lennihan in or about July 2014, which culminated in Ms. Lees's termination on October 10, 2014.

29. Ms. Bishop and the Graduate Center had been aware of Ms. Lees's need for a renewal or resolution of her visa status, a process that began as early as January 2013, so that Ms. Lees could continue working for the Graduate Center; yet, after nearly two years passed, this could not be accomplished despite Ms. Lees's best efforts and her retention of an immigration attorney at her own cost to work with the Graduate Center.

30. Rather than promptly address the situation, Ms. Bishop and the Graduate Center purposefully delayed and avoided engaging in the required steps to renew a visa for Ms. Lees.

31. By June 2014, the first time an advertisement for Ms. Lees's position was published, it was apparent that insufficient time remained to obtain an H1-B visa for Ms. Lees, which prompted Ms. Lees to ask that the search be suspended so that she could pursue an alternative immigration status, the TN/NAFTA visa.

32. Ms. Bishop failed to provide a job description that had previously been identified and agreed upon in February 2014, only to provide an unworkable job description in October 2014, just days before Ms. Lees's previous visa expired.

33. Ms. Bishop and the Graduate Center intentionally created obstacles for Ms. Lees in obtaining a work visa for the sole purpose of bringing about her termination due to her alienage or citizenship status.

34. Throughout this ordeal, the Graduate Center was aware of Ms. Bishop's conduct and Ms. Lees's desire to renew her work visa, but it willfully allowed Ms. Lees's visa to expire, thereby terminating her employment.

## FIRST CAUSE OF ACTION AGAINST DEFENDANT
### (Retaliation in Violation of Title IX)

35. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 34, as if fully set forth herein.

36. Defendant is a "recipient" within the meaning of Title IX.

37. Plaintiff engaged in activities or asserted rights protected under Title IX by making a written complaint to Defendant's Officer of Human Resources concerning Ms. Bishop's verbal comments on gender and special arrangements provided only to male students, including but not limited to financial assistance.

38. Defendant had actual knowledge of this protected activity because the written complaint was made to Defendant's Human Resources Officer.

39. As a result of Ms. Lees engaging in a protected activity, without any action taken or investigation into her allegations pursued, Ms. Lees was increasingly harassed, given

negative performance evaluations, and ultimately terminated within months of her complaint in violation of Title IX.

40. Pursuant to Defendant's unlawful conduct alleged above, Defendant's conduct constitutes willful and intentional retaliation against Ms. Lees's protected activity in violation of Title IX.

41. As the proximate result of Defendant's unlawful conduct, Plaintiff has suffered substantial losses, including the loss of past and future earnings, bonuses, deferred compensation, and other employment benefits.

42. As a further proximate result of Defendant's unlawful conduct, Plaintiff has suffered compensatory damages for mental anguish, severe and lasting embarrassment, humiliation, emotional distress, and other incidental and consequential damages and expenses.

## **SECOND CAUSE OF ACTION AGAINST DEFENDANT**
### (Retaliation in Violation of the FMLA)

43. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 42, as fully set forth herein.

44. Ms. Lees engaged in statutorily protected conduct when she exercised her rights under the FMLA and took leave on November 8, 2013.

45. Ms. Lees suffered an adverse employment action against her when Ms. Bishop compelled her to return from her leave early on January 25, 2014, gave her a negative performance evaluation in February 2014, and ultimately terminated her in October 2014.

46. Due to Ms. Lees's exercise of her rights under the FMLA, Defendant pursued a course of conduct adverse to Ms. Lees that culminated in her termination.

7

47. As the proximate result of Defendant's unlawful conduct, Plaintiff has suffered substantial losses, including lost or denied earnings, bonuses, deferred compensation, and other employment benefits.

## THIRD CAUSE OF ACTION AGAINST DEFENDANT

**(Discrimination based upon Disability in Violation of the NYSHRL)**

48. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 47, as fully set forth herein.

49. Defendant is an "employer" within the meaning of the NYSHRL.

50. Ms. Lees, as an individual who suffered a physical impairment that substantially limited her major life activities and, as a result, was a person with an actual or perceived disability within the meaning of the NYSHRL.

51. At all times relevant to this action, Ms. Lees was qualified by her education, training, experience, and/or skill to hold the position of Director of the Visual Media Lab for the Art History Program and could perform the essential duties of the position, with or without reasonable accommodation.

52. Ms. Lees suffered an adverse employment action when Ms. Bishop compelled her to return from her leave early on January 25, 2014, given negative performance evaluations thereafter, and ultimately terminated in October 2014.

53. Because of Ms. Lees's disability, Ms. Lees was discriminated against by Defendant in her employment pursuant to the acts alleged herein.

54. As a proximate result of the Defendant's unlawful conduct, Ms. Lees has suffered and will continue to suffer substantial losses, including loss of past and future earnings, bonuses, deferred compensation, and other employment benefits.

55. As a further proximate result of Defendant's unlawful conduct, Ms. Lees has suffered and continues to suffer compensatory damages for mental anguish, severe and lasting embarrassment, humiliation, emotional distress, and other incidental and consequential damages and expenses.

## FOURTH CAUSE OF ACTION AGAINST DEFENDANT
### (Discrimination based upon Disability in Violation of the NYCHRL)

56. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 55, as fully set forth herein.

57. Defendant is an "employer" within the meaning of the NYCHRL.

58. Ms. Lees, as an individual who suffered a physical impairment that substantially limited her major life activities and, as a result, was a person with an actual or perceived disability within the meaning of the NYCHRL.

59. At all times relevant to this action, Ms. Lees was qualified by her education, training, experience, and/or skill to hold the position of Director of the Visual Media Lab for the Art History Program and could perform the essential duties of the position, with or without reasonable accommodation.

60. Ms. Lees suffered an adverse employment action when Ms. Bishop compelled her to return from her leave early on January 25, 2014, given negative performance evaluations thereafter, and ultimately terminated in October 2014.

61. Because of Ms. Lees's disability, Ms. Lees was discriminated against by Defendant in her employment pursuant to the acts alleged herein.

62. As a proximate result of the Defendant's unlawful conduct, Ms. Lees has suffered and will continue to suffer substantial losses, including loss of past and future earnings, bonuses, deferred compensation, and other employment benefits.

63. As a further proximate result of Defendant's unlawful conduct, Ms. Lees has suffered and continues to suffer compensatory damages for mental anguish, severe and lasting embarrassment, humiliation, emotional distress, and other incidental and consequential damages and expenses.

## **FIFTH CAUSE OF ACTION AGAINST DEFENDANT**
**(Discrimination based upon Alienage or Citizenship Status in Violation of the NYCHRL)**

64. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 63, as fully set forth herein.

65. Ms. Lees, as a Canadian citizen who was working in the United States pursuant to an H-1B Visa, is a member of a protected class within the meaning of the NYCHRL.

66. At all times relevant to this action, Ms. Lees was qualified by her education, training, experience, and/or skill to hold the position of Director of the Visual Media Lab for the Art History Program.

67. Ms. Lees suffered an adverse employment action when she was terminated by Defendant in October 2014.

68. Due to Ms. Lees's alienage or citizenship status, Defendant engaged in the unlawful acts and practices alleged herein.

69. As a proximate result of the Defendant's unlawful conduct, Ms. Lees has suffered and will continue to suffer substantial losses, including loss of past and future earnings, bonuses, deferred compensation, and other employment benefits.

70. As a further proximate result of Defendant's unlawful conduct, Ms. Lees has suffered and continues to suffer compensatory damages for mental anguish, severe and lasting embarrassment, humiliation, emotional distress, and other incidental and consequential damages and expenses.

## SIXTH CAUSE OF ACTION AGAINST DEFENDANT
### (Retaliation in Violation of the NYSHRL)

71. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 70, as fully set forth herein.

72. Defendant is an "employer" within the meaning of the NYSHRL.

73. Ms. Lees engaged in a protected activity by making a written complaint of discrimination based upon sex affecting students and fellows at the Graduate Center in or about July 2014.

74. As a direct result of her engagement in said protected activity, Ms. Lees suffered an adverse employment action when she was terminated from her position of employment in October 2014.

75. As a proximate result of the Defendant's unlawful conduct, Ms. Lees has suffered and will continue to suffer substantial losses, including loss of past and future earnings, bonuses, deferred compensation, and other employment benefits.

76. As a further proximate result of Defendant's unlawful conduct, Ms. Lees has suffered and continues to suffer compensatory damages for mental anguish, severe and lasting

embarrassment, humiliation, emotional distress, and other incidental and consequential damages and expenses.

## SEVENTH CAUSE OF ACTION AGAINST DEFENDANT
### (Retaliation in Violation of the NYCHRL)

77. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 76, as fully set forth herein.

78. Defendant is an "employer" within the meaning of the NYCHRL.

79. Ms. Lees engaged in a protected activity by making a written complaint of discrimination based upon sex affecting students and fellows at the Graduate Center in or about July 2014.

80. As a direct result of her engagement in said protected activity, Ms. Lees suffered an adverse employment action when she was terminated from her position of employment in October 2014.

81. As a proximate result of the Defendant's unlawful conduct, Ms. Lees has suffered and will continue to suffer substantial losses, including loss of past and future earnings, bonuses, deferred compensation, and other employment benefits.

82. As a further proximate result of Defendant's unlawful conduct, Ms. Lees has suffered and continues to suffer compensatory damages for mental anguish, severe and lasting embarrassment, humiliation, emotional distress, and other incidental and consequential damages and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment containing the following relief:

a) An order declaring Defendant has violated provisions of the Title IX, the FMLA, the NYSHRL, and the NYCHRL;

b) An order enjoining Defendant from engaging in the unlawful activities alleged above;

c) An order awarding monetary damages to Plaintiff, including back pay and front pay;

d) An order awarding compensatory damages to Plaintiff, including emotional distress damages for the severe mental anguish and harm to reputation caused by Defendant's unlawful conduct;

e) An order awarding liquidated damages to Plaintiff pursuant to the FMLA;

f) An order awarding punitive damages;

g) An award of Plaintiff's reasonable attorneys' fees;

h) An award of the Plaintiff's costs of this action; and

i) Any such other and further relief this Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dates: August 9, 2016
New York, New York

LEVINE & BLIT, PLLC

Justin S. Clark (JC7795)
*Attorneys for Plaintiff*
350 Fifth Avenue, Suite 4020
New York, New York 10118
Tel. (212) 967-3000
Fax (212) 967-3010
jclark@levineblit.com